UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>c/o United States Attorney's Office<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, D.C. 20530,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**$10,409.00 in U.S. Currency,**<br><br>    **Defendant.** | :<br>:<br>:   Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

  *COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to make this verified complaint for forfeiture in a civil action *in rem* against the defendant property, which is cash in the amount of $10,409.00 in U.S. currency. Federal police agents seized the cash on September 10, 2007, from a hotel room in Washington, D.C. In support of this cause, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

  1. This is a civil action *in rem* for a judgment of forfeiture of the defendant property to the plaintiff United States government. Pursuant to 21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United States if it is "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate" any violation of Title II of Pub.L. 91-513, popularly known as the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et*

*seq*.

2. The defendant property is U.S. currency in the amount of $10,409.00 in cash, which federal law enforcement agents seized from a hotel room in the District of Columbia on September 10, 2007, from the possession of John Edward Leek. The defendant property is in the custody of an agency of the United States government.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found. The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

4. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5. John Edward Leek is an admitted criminal drug-dealer (hereafter called "Mr. Leek").

6. On December 7, 2007, Mr. Leek was sentenced to life in prison for his conviction

in the United States District Court for the District of Columbia after pleading guilty to unlawful conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846, in <u>United States</u> v. <u>John Edward Leek</u>, Criminal Number 06-0354-01(RMU) (hereafter called "the unlawful drug conspiracy").

7. On September 23, 2006, at about 11:05 a.m., police officers executed a search warrant at apartment number 2 at a specific address in the 1700 block of Trinidad Avenue, N.E., Washington, D.C. There, the officers found Mr. Leek in a bedroom, which he told the officers was his.

8. On September 23, 2006, from Mr. Leek's bedroom in the Trinidad Avenue apartment, police seized 316 zip-lock bags containing heroin, a chunk of heroin weighing about five grams, a sandwich bag containing some 250 grams of heroin, numerous items of drug packaging and cutting paraphernalia, a Glock .40-caliber semi-automatic pistol loaded with nine bullets, $725 in cash, and many pieces of identification and mail in Mr. Leek's name.

9. Since September 23, 2006, Mr. Leek has admitted under oath that following his release on parole from prison after January 1, 2004, he was engaged in cutting, packaging, and distributing heroin in the District of Columbia. Under oath, Mr. Leek has agreed with an estimate that during the unlawful drug conspiracy, he was involved with between three and five kilograms of a mixture and substance containing heroin.

10. Before this Court on February 5, 2007, Mr. Leek pled guilty in <u>United States</u> v. <u>John Edward Leek</u>, Crim. No. 06-0354-01(RMU) to committing the unlawful drug conspiracy crime during the period of January 1, 2004, through September 23, 2006.

11. On or about September 10, 2007, at about 4:40 p.m., Special Agents of the

Federal Bureau of Investigation (hereafter called "FBI") arrested Mr. Leek in a room at the President's Inn, located in the 1600 block of New York Avenue, N.E., Washington, D.C.

12. Shortly after arresting Mr. Leek on or about September 10, 2007, FBI agents seized from his motel room on New York Avenue, N.E., numerous bags of a chunky brown substance, suspected to be heroin, a scale of a sort used to weigh controlled substances before selling them unlawfully, numerous empty zip-lock bags, and $10,409.00 in U.S. currency.

13. This sum of $10,409.00 U.S. currency is the defendant property in this civil action.

14. Upon information and belief, during the time of the unlawful drug conspiracy, that is, from January 1, 2004, until September 23, 2006, Mr. Leek was not lawfully employed.

15. Upon information and belief, during the time of the unlawful drug conspiracy, when not incarcerated, Mr. Leek derived no significant income other than from the proceeds of the unlawful drug conspiracy and from related unlawful actions involving controlled substances.

16. Following his arrest on or about September 23, 2006, until the date of his guilty plea to the unlawful drug conspiracy on February 5, 2007, Mr. Leek was incarcerated, and had virtually no income, either earned or unearned, from any lawful source.

17. Between June 28, 2007, and September 10, 2007, Mr. Leek's income, both earned or earned, derived almost entirely from activities involved in the unlawful distribution and possession of controlled substances, to include unlawful gambling with the proceeds of the unlawful distribution of controlled substances.

18. Mr. Leek has said that between March 2006 and September 10, 2007, he was "on the run."

19. As of November 5, 2007, Mr. Leek had not filed income tax returns for the past three years.

20. Based upon arrests that took place before 1970, Mr. Leek was convicted of the crimes of housebreaking in the District of Columbia, entering a bank with intent to commit robbery and assault with a dangerous weapon in the District of Columbia, and robbery with a deadly weapon in Maryland. In 1974, Mr. Leek was convicted in Maryland of the crime of escape.

21. Based upon arrests that took place in the decade of the 1980s, Mr. Leek was convicted of the crimes of unlawful possession with intent to distribute heroin in the District of Columbia and carrying a pistol without a license in the District of Columbia.

22. Based upon arrests that took place in the decade of the 1990s, Mr. Leek was convicted of the crimes of unlawful possession of cocaine in the District of Columbia, carrying a pistol without a license and assaulting a police officer in the District of Columbia, unlawful possession with intent to distribute cocaine in the District of Columbia, and for escape from institution, in a case in Washington, D.C.

23. After the defendant currency was seized, the FBI began procedures to forfeit it to the U.S. government by an administrative, non-judicial process, and the FBI gave notice of that proceeding to Mr. Leek.

24. On or about November 15, 2007, the FBI received from Mr. Leek a written claim to the defendant currency. After receiving Mr. Leek's claim, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through this judicial process.

## COUNT ONE

1. The factual statements made in paragraphs 1 through 24 are re-alleged and incorporated by reference herein.

2. The defendant currency is money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq*.

3. As such, the defendant currency is subject to forfeiture to the United States.

**WHEREFORE**, the plaintiff prays that, as to the above-referenced defendant currency, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant currency be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

*/s/ William R. Cowden*
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney

*/s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## VERIFICATION

      I, Timothy Pak, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this  8th  day of February 2008.


                 */s/ Timothy Pak*
                 Timothy Pak
                 Special Agent, Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $10,409.00 in U.S. Currency |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) William R. Cowden Barry Wiegand    (202) 307-0299 Assistant U.S. Attorneys 555 4th St., NW, 4th Flr. Washington, DC 20530 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A.** *Antitrust*
☐ 410 Antitrust

**☐ B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E.** *General Civil (Other)*   OR   **☐ F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☒ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil forfeiture pursuant to 21 U.S.C. §881(a)(6), property furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE  2/8/08   SIGNATURE OF ATTORNEY OF RECORD   William R. Cowden
                                                  Assistant United States Attorney

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.