**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0220  (RMU) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| $10,409.00 IN U.S. CURRENCY, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AND JUDGMENT OF FORFEITURE

## I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for entry of default judgment and judgment of forfeiture.  Because no claim has been filed against the defendant funds, the court grants the motion.

On September 10, 2007, $10,409 was recovered from the possession of John Edward Leek in a hotel room in the District of Columbia following the arrest of Leek.  Pl.'s Mot. at 1; Compl. ¶ 12.  Leek pled guilty to unlawful conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846 and the court subsequently sentenced him life in prison.  Compl. ¶ 6.  The Federal Bureau of Investigation ("FBI") commenced an administrative forfeiture proceeding and served Leek with notice of that proceeding.  *Id.* ¶ 23.  When Leek filed a claim for the currency, the FBI halted the administrative proceeding and sought judicial determination of the forfeiture, resulting in the

filing of the complaint in this case on February 8, 2008.  *Id.* ¶ 24.  Leek was on the only person to file a claim in the administrative proceeding.  Pl.'s Mot. ¶ 1.

Leek was served with copies of the complaint and warrant of arrest *in rem* in this case on February 19, 2008, at the U.S. Penitentiary in Lewisburg, Pennsylvania, where he is currently incarcerated.  Pl.'s Mot. ¶ 1 & Ex. 2.  The plaintiff also served these same documents on Leek's criminal counsel, David Bos, on February 19, 2008.  *Id.* ¶ 3 & Ex. 4.  A notice of seizure was published in *The Washington Times* on February 28, 2008, and on the federal government's forfeiture website (www.forfeiture.gov).  *Id.* ¶ 4.

The Clerk of the Court entered a default as to the $10,409 on June 17, 2008.  *Id.* ¶ 5.  The plaintiff filed the instant motion seeking a default judgment on August 7, 2008.


## III.  DISCUSSION

### A.  Legal Standard for Entry of Default Judgment under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics.  *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).  Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).  Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs.  FED. R. CIV. P. 55(b)(2).

### B. Legal Standard for Civil Forfeiture

Statutory *in rem* forfeiture is the only action of England's three forfeiture laws that this country adopted.[1]  "English Law provided for statutory forfeitures of offending objects used in violation of the customs and revenue laws – likely a product of the confluence and merger of the deodand tradition and the belief that the right to own property could be denied the wrongdoer." *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 682 (1974).  The roots of forfeiture date further back to biblical times, for "if an ox gores a man or a woman, and they die, he shall be stoned and his flesh shall not be eaten." *Calero-Toledo*, 416 U.S. at 681 n.17 (quoting Exodus 21:28); *see also United States v. All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 Banco Espanol De Credito, Spain*, 295 F.3d 23, 25 (D.C. Cir. 2002).  Thus, forfeiture is an *in rem* action brought against property, not the owner of the property.  *All Funds*, 295 F.3d at 25.

Congress has set forth several types of property that are subject to civil forfeiture, one of which are proceeds from illegal drug transactions.  21 U.S.C. § 881.  Pursuant to 21 U.S.C § 881(a)(6), the following are "subject to forfeiture to the United States and no property right shall exist in them":

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

---

[1]  England's three types of forfeiture include: (1) deodand, which is derived from the Latin term "Deo dandum," meaning "to be given to God"; (2) forfeiture after conviction for a felony or treason; and (3) statutory forfeiture.  *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680-89 (1974); *see also Austin v. United States*, 509 U.S. 602, 611 (1993).

### C.  The Court Grants the Plaintiff's Motion for Entry of
### Default Judgment and Judgment of Forfeiture.

The plaintiff alleges that the $10,409 was used to pay for, or intended to be used to pay for a controlled substance in violation of 21 U.S.C. § 801, *et seq*.  Compl. ¶ 1.  The plaintiff further alleges that the $10,409 was intended to be used to facilitate a violation of 21 U.S.C. § 841, *et seq*.  Compl. ¶ 4.  As such, the money is subject to forfeiture pursuant to 18 U.S.C. § 881(a)(6).  The plaintiff outlines the various steps it took to notify possible claimants of this case: serving Leek in prison, Pl.'s Mot. ¶ 1 & Ex. 2; serving Leek's criminal counsel, *id.* ¶ 3 & Ex. 4; and publishing notice in *The Washington Times* and on the federal government's forfeiture website, *id.* ¶ 4..  Furthermore, Leek was clearly aware of *a* forfeiture proceeding as he filed a claim in the administrative proceeding.  Compl. ¶ 24.  Leek, however, failed to file a claim once the plaintiff filed this judicial proceeding.  Pl.'s Mot. ¶ 5.  The property is in the possession of the plaintiff, no claims have been made against the property and the property is in default, therefore the plaintiff is entitled to default judgment pursuant to Rule 55(b)(2).

### IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for entry of default judgment and judgment of forfeiture.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of November 2008.


RICARDO M. URBINA
United States District Judge

4